United States Bankruptcy Court
Northern District of Illinois
Eastern Division

In re:

Richard D. Olson

Debtor.

Case No. 16-bk-01356

Chapter 13

## MEMORANDUM OPINION OVERRULING
## OBJECTION TO CONFIRMATION (DKT. NO. 44)

Creditor-mortgagee Ventures Trust 2013-I-H-R ("Ventures Trust") filed an Objection (Dkt. No. 44) to confirmation of Debtor's Modified Chapter 13 Plan dated April 5, 2016 (Dkt. No. 33) claiming such Plan fails to comply with confirmation requirements set forth in 11 U.S.C. §§ 1325(a)(1), (a)(3), (a)(6) and (a)(7).

The Objection alleged inaccuracies in Debtor's schedules, claiming that certain debt was undervalued while another was not disclosed; the Plan is thus claimed to be unfeasible in light of the inaccuracies. The Debtor's asserted lack of good faith in filing the bankruptcy case and proposing the Plan is also claimed to provide basis for denying confirmation.

Debtor filed a Response (Dkt. No. 49), and has also amended his schedules to address some objections raised. Ventures Trust was granted leave to file a Reply to the Debtor's Response, but no Reply was filed. (*See* Dkt. No. 59 (scheduling order)). Confirmation hearing is set for June 22, 2016 at 11:00 a.m.

For reasons discussed below, Ventures Trust has not shown that the Plan fails to comply with the referenced confirmation requirements in § 1325(a). While the Objection includes a long list of charges, many of these charges are either immaterial or not clearly implicated by the provisions cited. Relevant allegations are insufficient to show that the requirements for confirmation are not met in this case. Debtor's alleged bad faith in filing the bankruptcy case, for instance, was not shown, even though this is his fourth bankruptcy case in five years. Debtor has previously rebutted a presumption of bad faith imposed by § 362 by showing, in part, changed circumstances and present ability to fund a plan. (*See* Dkt. Nos. 8, 13.)

The Plan being proposed for confirmation provides for curing of default and reinstatement of mortgage payments to Ventures Fund, with payment of arrearages to be

made under the Plan and current mortgage payments made by Debtor directly. Debtor commits all future disposable income for the maximum commitment period of 60 months, and, based on this budget, Debtor has the ability to make all payments due under the Plan.

Accordingly, if the trustee recommends the Plan, the Plan will be confirmed over the Ventures Trust's Objection.

## BACKGROUND

### Relevant Case History

1/18/2016: Debtor filed this Chapter 13 bankruptcy case.

1/27/2016: Debtor's motion to extend the automatic stay to all creditors, including Ventures Trust, was granted. This is Debtor's fourth bankruptcy case, the prior cases having been filed, respectively, in 2012, 2013 and 2015. Debtor appears to have been unable to keep up with plan payments in those cases but, at the hearing on extending the automatic stay, was able to show changed circumstances and present ability to fund a plan.

4/4/2016: Ventures Trust filed Proof of Claim for about $514,000.00, secured by a mortgage on Debtor's primary residence valued at $480,000.00. The amount necessary to cure default as of the date of the petition is about $225,500.00. *See* Claim 2-2.

4/5/2016: Debtor filed his Modified Chapter 13 Plan dated April 5, 2014.

4/19/2016: Ventures Trust filed its Objection to confirmation of the Plan.

4/20/2016: A Response to the Objection was ordered.

5/11/2016: Debtor's Response to the Objection was timely filed. Debtor also amended his schedules shortly before the Response was filed and attached copies of the amended schedules to his Response.

6/2/2016: An Order was entered scheduling (1) any Reply to the Debtor's Response by June 15, 2015 and (2) hearing on confirmation of the Plan set for June 22, 2016 at 11:00 a.m. Ventures Trust did not file any Reply.

### Overview of the Plan

2

The Plan being proposed for confirmation provides for curing of prepetition default and reinstatement of the original mortgage terms between the Debtor and Bank of America (who assigned the judgment Ventures Trust around 2015). Payment of arrearages is done through the Plan, from distributions by the trustee. Current mortgage payments are paid outside the Plan and directly to the Creditor according to the original terms, and are included in the Debtor's expenses as listed in his Schedule J.

The Plan does not specifically state that the mortgage is being treated as a debt provided for under 11 U.S.C. § 1322(a)(5) (curing of any default of long term debt), but the treatment complies with the requirements of that provision.

The Plan provides for monthly payments by the Debtor to the trustee of $4,240.00, his monthly disposable income based on his Schedules I and J. The Plan provides for an initial commitment period of 60 months. Distributions by the trustee under the Plan provide for payment of mortgage arrearages, priority claims and the trustee's fees in full. General unsecured claims are to be paid on a pro rata basis to the extent possible but no less than 2% of their allowed amount.

## DISCUSSION

The requirements for confirmation of a proposed plan under Chapter 13 of the Bankruptcy Code are set forth in 11 U.S.C. § 1325. Pursuant to this provision, and subject to exceptions not applicable here, the bankruptcy court must confirm a plan if the nine requirements of § 1325(a) are met. Ventures Trust claims that four of these nine requirements have not been met, including the requirement that "the plan compl[y] with . . . other applicable provisions of this title" and that the debtor "will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(1), (6). It also claims that the requirements of good faith in proposing the plan and in filing the bankruptcy case have not met. *See* 11 U.S.C. § 1325(a)(3), (7). Each of these objection grounds is discussed below.

**Objection Under § 1325(a)(1): Plan Complies with Other Bankruptcy Law**

Ventures Trust first argues that the requirement in § 1325(a)(1) that "the plan compl[y] with the provisions of [Chapter 13] and with the other applicable provisions of this title" is not met because the Debtor failed to comply with requirements in 11 U.S.C. § 521(a)(1). That provision sets forth the debtor's duties, including the requirement that the debtor file a list of creditors and required schedules within a certain period of time. While the Objection lists several claimed violations, the allegations described do not violate the requirements of § 521(a). Nor is it clear how the Plan fails to comply with this provision so as to justify denial of confirmation under § 1325(a)(1). *See, e.g., Matter of Escobedo*, 28 F.3d 34, 35 (7th Cir. 1994) (plan failed to comply with § 1325(a)(1) where it "failed to account for the full payment of all priority claims as required under § 1322(a)(2)."); *In re Knize*, 210 B.R. 773, 776 (Bankr. N.D. Ill. 1997) (plan could not be confirmed under § 1325(a)(1) where it exceeded the maximum commitment period in § 109(e)).

The Objection claims that the Debtor scheduled a liability to the condo association as $386, but that the actual amount due is $480.16. However, the conduct described does not violate the terms of § 521(a)(1), which only require that the debtor's schedules and other papers be filed within a certain period of time. To the extent that the amount of the debt was understated, the Debtor's schedules may be amended "as a matter of course at any time before the case is closed. . . ." Fed. R. Bankr. P. 1009. The Debtor's Response states that his schedules were amended to remedy the referenced inaccuracy, including adjustment of his monthly expenses to ensure that the increased amount of such debt is sufficiently provided for under the Plan.

The Objection also claims that the Debtor violated § 521(a)(1) when it failed to list a mechanics lien creditor in his schedules and to treat such debt (approximately $4,856) under the Plan. As noted earlier, inaccuracies in Debtor's schedules are not actionable or otherwise violate the terms of § 521(a)(1), *see id.* (requiring, in relevant part, filing of "a list of creditors" and "a schedule of assets and liabilities"). In his Response, the Debtor acknowledges that such lien does appear to have been recorded and not had not been scheduled. According to the Debtor, it has amended his schedules to list this debt as disputed while it conducts a more thorough investigation. The debt is not being treated under the Plan. No proof of

4

claim appears to have been filed by the alleged lien creditor. The Objection does not otherwise claim that any other applicable provision is implicated or cite other relevant authority in support of its argument. Accordingly, the Creditor had not shown that the plan fails to comply with any applicable provision in the Bankruptcy Code at this stage.

Remaining alleged violations of § 521(a) are similarly unfounded. Claimed inaccuracies in the Debtor's schedules or other papers filed in prior cases are not implicated by § 521(a)(1), which concerns the Debtor's duties in this case. Claims that the Debtor's expenses and other like representations have not been explained are speculative and undeveloped, show no clear violation of any applicable provision referenced or otherwise, *see* § 521(a)(1)(B)(ii) (requiring the debtor to file "a schedule of current income and current expenditures"), and fail to otherwise establish that the requirement in § 1325(a)(1) that "the plan compl[y] with the provisions of [Chapter 13] and with the other applicable provisions of this title" is not met.

Accordingly, the Ventures Trust has not established that the Plan fails to comply with § 1325(a)(1). Objections to confirmation under § 1325(a)(1) will therefore be overruled.

### Objection Under § 1325(a)(6): Plan is Feasible

Ventures Trust argues that the Plan fails to comply with the requirement in § 1325(a)(6), commonly referred to as the feasibility requirement, meaning that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). To be feasible, the plan must have a reasonable likelihood of success as determined by the particular circumstances of the plan and the case. *See In re Soppick*, 516 B.R. 733, 748 (Bankr. E.D. Pa. 2014) (collecting cases). "While the feasibility requirement is not rigorous, the plan proponent must, at minimum, demonstrate that the Debtor's income exceeds expenses by an amount sufficient to make the payments proposed by the plan." *In re Bernardes*, 267 B.R. 690, 695 (Bankr. D.N.J. 2001) (internal citation omitted). "The Bankruptcy Court should be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan." *In re Eckert*, 485 B.R. 77, 85 (Bankr. M.D. Pa. 2013).

In this case, the Objection first points to the adjustment to the condo association debt discussed earlier, which had been understated by about $100. However, minor adjustments in Debtor's monthly expenses resolve any shortfall claimed by the Objection. Ventures Trust filed no Reply to respond to Debtor's Response, and nothing on the record suggests that the earlier shortfall has not otherwise been remedied so as to warrant denial of confirmation on feasibility grounds.

With respect to the mechanics lien also discussed in the prior section, Ventures Trust claim that the debt being paid under the Plan is not supported by terms of the Plan, which does not provide for payment of any alleged lien. Nor does the Objection cite competent authority to support these claims. At this stage, it cannot be concluded that the Plan is unfeasible based only on the existence of a contested potential mechanics lien claim so as to warrant denial of confirmation under § 1325(a)(6).

Remaining allegations do not show a clear inability to make the proposed Plan payments. Ventures Trust references prior adjustments in the Debtor's expenses, presumably to suggest that they have not been accurately represented or are unlikely. But it does not offer any conclusive basis to conclude that the Debtor's expenses are or will be higher than those currently stated. Ventures Trust has not shown a clear inability to make the proposed payments in the Debtor's budget or otherwise shown that the budget has been materially represented.

The Debtor's budget shows that he has sufficient disposable income to make the required payments and nothing in the Objection materially disputes the Debtor's projected income or shows that his expenses are misstated to a degree sufficient to suggest an inability to make the payments proposed under the Plan. On paper, the Debtor income is sufficient to meet his obligations under the Plan and the Objection has not materially disputed the Debtor's budget so as to question his ability to make the proposed plan payments. The Plan contains no unusual terms that would require consideration of circumstances besides the Debtor's income and expenses. *See, e.g., First Nat'l Bank v. Fantasia (In re Fantasia)*, 211 B.R. 420 (B.A.P. 1st Cir. Mass. 1997) ("The inclusion of a balloon payment is not dispositive of a plan's feasibility. Confirmation of such a plan is suspect, however, unless some proof is

6

offered to show that the funds will be available at the time the balloon payment is due."); *In re Olp*, 29 B.R. 932 (Bankr. E.D. Wis. 1983) ("Feasibility is lacking where the source of funds relied upon by the debtor includes earnings of his wife who is not a party to the Chapter 13 petition.").

The trustee's duties include investigating the Debtors financial affairs, ensuring that the debtor commences making timely payments, and providing any advice or objection involving the plan proposed. *See* 11 U.S.C. § 1302(b). In the absence of a meaningful challenge by the Creditor and in the absence of any objection by the trustee, no basis exists on the record to question the Debtor's financial representations as incorporated in the Plan. *See, e.g., In re Barnes*, 275 B.R. 889 (Bankr. E.D. Cal. 2002) (Chapter 13 plan that was proposed by debtors who had missed first two payments thereunder, and who admittedly would not have sufficient income to fund plan until debtor-wife returned to work, was not feasible, and could not be confirmed).

Accordingly, Ventures Trust has not shown that the Debtor lack the ability to make payments as proposed to warrant denial of confirmation based on the requirements of § 1325(a)(6). Objections to confirmation on this basis will therefore be overruled.

### Objection Under § 1325(a)(3): Plan Proposed in Good Faith

The Objection next argues that the requirement that "the plan has been proposed in good faith and not by any means forbidden by law" has not been met. 11 U.S.C. § 1325(a)(3). While assessing good faith for purposes of plan confirmation depends on the "totality of the circumstances," the primary question is whether the debtor is "really trying to pay the creditors to the reasonable limit of his ability or is he trying to thwart them?" *In re Schaitz*, 913 F.2d 452, 453–54 (7th Cir. 1990); *See In re Smith*, 286 F.3d 461, 467 (7th Cir. 2002) ("[A] Chapter 13 plan may be confirmed despite even the most egregious pre-filing conduct where other factors suggest that the plan nevertheless represents a good faith effort by the debtor to satisfy his creditor's claims."); *See also In re Rimgale*, 669 F.2d 426, 433 (7th Cir.1982) ("[b]roadly speaking, the basic inquiry should be whether or not under case circumstances there has been abuse of Chapter 13's provisions, purpose, or spirit.").

7

Ventures Trust argues that the previously referenced inaccuracies in the Debtor's schedules--involving the now adjusted condo association debt and disputed mechanics lien--along with other more speculative allegations that the Debtor has "manipulated" his income and expenses, also show the Debtor's lack of good faith in proposing the Plan. Inaccuracies in the financial disclosures could potentially be relevant in "determining whether a debtor has dealt fairly with his creditors," but do not, without more, suggest an intent to thwart creditors. *See Smith*, 286 F.3d at 465–66. At this stage, however, the Debtor's initial inaccuracies have been resolved. Claims that the Debtor manipulated his income and expenses are speculative and unsupported and fail to suggest any bad faith where, as here, the Debtor commits all disposable income to the Plan for the maximum commitment period. *Id.* at 466 ("We consider whether the plan accurately reflects the debtor's financial condition and affords substantial protection to unsecured creditors. If there are inaccuracies, we consider whether these flaws are 'an attempt to mislead the bankruptcy court[]'; we also consider whether the plan, taken as a whole, indicates 'a fundamental fairness in dealing with one's creditors[.]'" (internal citations omitted))

Remaining allegations—that Debtor's schedules in prior cases included the same inaccuracies and that the Debtor is a "serial filer"—have no direct bearing on whether his current Plan is proposed in good faith. *Smith*, 286 F.3d at 467 (disregarding prepetition misconduct where "a good faith effort by the debtor to satisfy his creditor's claims" could be determined). Claims that the Debtor filed for bankruptcy in the eve of foreclosure are also irrelevant, where, as here, Congress has provided a more expansive remedy than State law would generally provide by allowing Chapter 13 debtors to cure any default on long term debt under § 1322(b)(5). *Cf. Smith*, 286 F.3d at 465–66 ("[S]imply availing oneself of the more liberal provisions . . . is not sufficient to constitute bad faith.").

Accordingly, Ventures Trust has not shown that the Debtor's Plan was proposed in bad faith to warrant denial of confirmation under § 1325(b)(3), and objections in this respect will be overruled.

### Objection Under § 1325(a)(7): Bankruptcy Petition filed in Good Faith

Finally, the Ventures Trust claims that confirmation should be denied because the requirement that "the action of the debtor in filing the petition was in good faith" is not demonstrated. 11 U.S.C.A. § 1325(a)(7). "The good faith determination with regard to the filing of a Chapter 13 petition is also a fact intensive inquiry to be determined by looking at the totality of circumstances." *Matter of Love*, 957 F.2d 1350, 1354 (7th Cir. 1992). In this context, the focus of the good faith inquiry is "whether the filing is fundamentally fair to creditors and, more generally, is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions." *Id.* at 1357. Relevant factors that may be considered include:

> [T]he nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*Id.* The focus of the good faith inquiry in assessing these and other relevant factors is fundamental fairness. *Id.*

Ventures Trust argues that the timing of the petition—to prevent foreclosure—and the costs incurred by the Creditor and avoided by the Debtor, indicate in this case that the Debtor's petition was not filed in good faith. Debtor's failure to timely disclose the previously mentioned mechanics lien is also referenced as indicia of Debtor's bad faith.

Debtor, in turn, notes that his motive in filing the case was to save his house from foreclosure. As noted earlier, Chapter 13 provides broader remedies for the Debtor than State law would, and the Debtor's decision to invoke those remedies is not sufficient to constitute bad faith. *In re Broadbent*, 531 B.R. 840, 844-45 (Bankr. D. Idaho 2015) ("Debtor's use of a chapter 13 plan to catch up missed mortgage payments is a common, appropriate goal."). Debtor's conduct during the case also dispute charges of bad faith. Debtor has complied with applicable requirements and appears to be making all payments and be able to maintain such payments after confirmation.

Lastly, as part of a hearing on the Debtor's motion to extend the automatic stay, the Debtor sufficiently rebutted the presumption that the case had been filed in bad faith, *see* 11 U.S.C. § 362(c)(4)(D), by showing, in part, that his inability to maintain payments in prior cases was influenced by health issues, and that his income had now increased sufficiently to be able to fund a Chapter 13 plan.

In light of these considerations, Debtor's motives and the circumstances leading up to the filing of the petition do not give rise to an inference of bad faith. No improper purpose or fundamental unfairness has been shown. Objections to confirmation for failure to comply with § 1325(a)(7) will therefore be overruled.

## CONCLUSION

For the foregoing reasons, a separate order will be entered overruling all of the Creditor's objections to plan confirmation.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 22 day of June, 2016

JUN 22 2016